JOE REAL v. THE STATE.

No. 18879. Delivered March 24, 1937.

The opinion states the case.

*Minton & Minton,* of Hemphill, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for murder; penalty assessed at confinement in the State Juvenile Training School for eight years.

The information charges that the appellant "did then and there unlawfully and voluntarily with malice aforethought shoot and kill Dorothy May Travis, with a .22 caliber gun; and

the said Joe Real being a child, a boy of the age of nine years old."

Under the terms of Art. 30, P. C., 1925, it is provided among other things, that no person between the ages of nine and thirteen years shall be convicted of any offense "unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense."

It seems to be a well-settled rule of law that where the accused is under the age of thirteen years, the State must show to the satisfaction of the court or jury that he understood the nature and illegality of the particular act constituting the crime charged. See Tex. Jur., Vol. 12, p. 272, sec. 44; also cases collated under Note 3, Art. 30, Vernon's Ann. P. C., 1925, Vol. 1. In the present instance, there is no adequate proof upon the part of the State showing that appellant understood the nature of his alleged act or the illegality thereof.

The State introduced no eye-witnesses to the killing. There is evidence from the sheriff to the effect that the appellant said that "he was playing with the gun and it went off." There is also evidence to the effect that the gun was in such condition as likely to cause an accidental discharge.

The State's Attorney before this court concedes that the evidence adduced is insufficient to support the conviction, and in this view we are constrained to concur.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*